UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 09-cr-00334-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. SALVADOR VERA-FIGUEROA,
   a/k/a Salvador Figueroa-Mendoza,
2. **EMANUEL PIMINTEL,**
3. MARTIN PIMINTEL,
4. ROSALIE AIDE QUIJADA,
5. TIBURCIO DELGADILLO-MARTINEZ,
   a/k/a "Tibu"
6. SALVADOR DELGADILLO-ALVAREZ,
7. ARACELI TOPETE,
   a/k/a "Shelly"
8. LUCIO TOPETE-HERNANDEZ,
9. DANIEL VELAZQUEZ-GUERRERO,
10. JUSTIN SKIPSKI,
11. JORGE ROSALES-ACEVEDO,

       Defendants.

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL
## RULE 26.2 AND RULE 16 MATERIAL

THE COURT has received the government's Unopposed Motion for a Protective Order **(#315)** concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the government to withhold confidential informant information in the context of plea bargaining before trial).

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion. The government has expressed concerns that the Rule 16, Rule 26.2 and Jencks Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of a defendant or be published except for official use in relation to the development of this case in related court proceedings. The government cites concerns for witnesses that could stem from the unauthorized publication, duplication, or circulation of certain written documents, photographs, or audio files, possibly to include personal identifying information reflected in NCIC/CCIC types of reports that may be disclosed to the defense. In the context of pretrial discovery, the Court finds and concludes that the concerns expressed may have some merit, that the burden on the defense is not extensive, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case. Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the government's Motion for Protective Order.

IT IS ORDERED that the Motion is **GRANTED**.  The Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, audio files, video files, copies of photographs, personal identifying information such as addresses, dates or birth, and social security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished to the defense in this case shall be used only for

official purposes related to judicial proceedings in this case and for no other purpose.

Further, pursuant to this Order, Rule 26.2 material and Jencks Act material reflecting the personal identifying information described above, records showing statements by witnesses, audio files, video files, copies of photographs, reports of witness statements or debriefing statements or testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential associates or employees of such defense attorneys. Further documents, video files and audio files may be entrusted to a qualified translator, for the purpose of preparing translations for use in relation to this case, at the discretion of counsel. Such Rule 26.2 and Jencks Act material shall not be left in the exclusive custody of the defendant. The defendant and other persons assisting the attorneys for the defendant may review the Rule 26.2 and Jencks Act material, but such review by a defendant must be accomplished without violating the rule that the Rule 26.2 and Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential associates or employees of the attorneys. The same custodial guidelines shall apply to the use of any photographs, video files or audio files of persons who are or may become witnesses, including NCIC/CCIC reports provided to the defense pursuant to Rule 16 or otherwise in relation to this case. *See* Fed. R. Crim. P. 49.1 (Privacy protection for filings made with the court).

Unless the attorneys for the defense and the government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or

until its use in judicial proceedings at time of trial or in official hearings or proceedings related to

this case.

In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 26.2 material, Jencks Act material, NCIC/CCIC records, audio files, video files and copies of photographs may be returned to the government. A hard drive provided by the Court for pole cam video files may be delivered to the Federal Public Defender's office. If counsel for the defendant and the Government do not agree on arrangements for disclosed material at the end of the case, the Government or the defense may

file a motion requesting authorization or directions from Court.

DATED this 7th day of June, 2011.

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge